UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

PAMELA S. THOMPSON-KNUCKLES,

    Plaintiff,

v.                                     Civil Action No. 2:18-CV-1410

ERIC D. THOMPSON and EAST
CLEVELAND CABLE AND TV AND
COMMUNICATIONS, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is defendant Eric Thompson's motion to amend his motion in opposition to entry of default judgment to a motion to set aside default judgment, filed February 1, 2019. Also pending is plaintiff's motion for entry of default judgment against Eric Thompson, filed February 15, 2019.

### I. Background

The plaintiff initiated this action against the defendants on November 5, 2018. The summons for Mr. Thompson was issued November 6, 2018 and was returned executed on December 19, 2018. The plaintiff moved for entry of default against Mr. Thompson on January 15, 2019, as it was her belief that an answer to the complaint was due on January 4, 2019. On

January 16, 2019, no answer or response having been filed, the Clerk entered default against Mr. Thompson.

On January 18, 2019, the defendants filed a joint answer to plaintiff's complaint as well as a response in opposition to plaintiff's motion for default judgment. Defendant Thompson's counsel maintains that since he had not appeared in the case, he did not receive service through the court's CM/ECF system nor did he receive notice of the clerk's entry of default against Mr. Thompson. Inasmuch as defendant's counsel believes that a motion to set aside default is the more appropriate mechanism by which to contest the entry of default against Mr. Thompson, he filed this motion to amend his motion in opposition to plaintiff's motion for entry of default to a motion to set aside the default judgment. The accompanying memorandum argues that the default should be set aside. See ECF Nos. 14, 15.

Plaintiff filed a response in opposition to defendant Thompson's motion in opposition to plaintiff's motion for entry of default judgment on February 1, 2019, ECF No. 13, as well as a memorandum in opposition to this motion, on February 15, 2019. ECF No. 17.

As an initial matter, no default judgment has been entered against Mr. Thompson, but rather the Clerk has only entered default.  ECF No. 7.

II.  Analysis

Federal Rule of Civil Procedure 55(c) provides pertinently as follows: "The court may set aside an entry of default for good cause."  Our court of appeals has observed as follows respecting requests to set aside defaults:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006).[1]  Further, the decision of whether to grant such a motion is within the sound discretion of the court.  Id.

---

[1] The court notes that Mr. Thompson suggests the court apply Federal Rule of Civil Procedure 60(b) in determining whether it should set aside the default, presumably because that is the rule the court would use in setting aside a default judgment. Def.'s Mem. Supp. Mot. Set Aside Default, ECF No. 15, at 2-3. However, the information set forth in the memorandum is relevant to the court's evaluation of whether default should be set aside according to Federal Rule of Civil Procedure 55(c).

Defendant Thompson contends that he did not communicate to his counsel that he was served on December 14, 2018. Def.'s Mem., ECF No. 15, at 3. Defendant's counsel notes that while he was aware of the filing of the complaint after communicating with plaintiff's counsel on November 5, 2018, he did not become aware that service had been perfected until January 17, 2019. Id. Defendant's counsel further asserts that this oversight occurred due to a mistake by an employee of counsel's firm who neglected to inform counsel that Mr. Thompson left, at the firm, on December 19, 2018, a copy of the complaint which had been properly served upon him. Id. (citing Priestly Aff., ECF No. 14-1).

In arguing against setting aside default, the plaintiff first refers to the "meritorious defense" factor described in Payne and contends that there is no factual evidence in defendant's pleadings which suggests that he has a meritorious defense to plaintiff's claims. Pl.'s Resp., ECF No. 13, at 4.

"A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim. 'The underlying concern is ... whether there is some possibility that the outcome ... after a full trial will be contrary to the result achieved by the

default.'" Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988) (internal citations omitted).

It is not clear here, as a matter of law, whether defendant's defenses will be meritorious. The matter requires further factual development and legal analysis best performed following an opportunity for both sides to engage in discovery. While defendant has not proffered any evidence to demonstrate a meritorious defense, defendant's answer, which is filed as Document 8 on the docket, asserts several affirmative defenses to plaintiff's claims. Answer, ECF No. 8, at 8-10. As stated in Augusta Fiberglass Coatings, Inc., the primary concern is that there is a possibility that the outcome of a trial on the merits would reach a result inconsistent with the result of default. Id. Thus, this factor weighs neither in favor of, nor against, setting aside the default.

Plaintiff also alleges that Mr. Thompson has a history of dilatory conduct throughout litigation between these same parties, which has been ongoing in Ohio state courts since July 2017. Pl.'s Resp., ECF No. 13, at 5. Specifically, plaintiff notes that Mr. Thompson has previously been held in contempt for "repeated failure to fully comply" with one of the court's prior orders. Id. (citing Cuyahoga County Court Journal Entry, ECF

No. 13, Ex. 3); see also Carbon Fuel Co. v. USX Corp., No. 97-1995, 1998 WL 480809, at *4 (4th Cir. Aug. 6, 1998) (finding that it was not an abuse of discretion to refuse to set aside default where the defaulting party had a history of dilatory conduct).

While the above two factors may jointly weigh against setting aside default, the other Payne factors weigh heavily in favor of granting defendant's motion. Defendant moved promptly for relief from default, opposing plaintiff's motion for entry of default within two days of the Clerk's entering default and seeking to set aside the default within three weeks of its entry. Cf. Augusta Fiberglass Coatings, Inc., 843 F.2d at 812 ("Showing awakened speed, [defendant] moved for relief within two weeks of the entry of judgment, well within the rule's [Rule 60(b)] one-year limit."). Additionally, inasmuch as it appears that Mr. Thompson brought the properly executed summons to the attention of his counsel on December 19, 2018, defendant himself does not bear all responsibility for the default.[2] Moreover, no

---

[2] The court acknowledges plaintiff's argument that an attorney's failure does not amount to "excusable neglect" for the purposes of determining whether the court should grant a motion to set aside default judgment, pursuant to Federal Rule of Civil Procedure 60(b)(1). Pls.' Mem. Opp., ECF No. 17, at 2 (citing Universal Film Exchanges, Inc. v. Lust, 479 F.2d 573, 576 (1973). However, the court is evaluating whether it should set aside default by the standards set forth by the Fourth Circuit in Payne and Federal Rule of Civil Procedure 55(c).

cognizable prejudice to the plaintiff has been alleged, much less demonstrated.

### III. Conclusion

Based on the foregoing discussion, the court ORDERS as follows:

1. That defendant Thompson's motion to amend his motion in opposition to entry of default to a motion to set aside default be, and it hereby is, granted;

2. That defendant Thompson's motion to set aside default be, and it hereby is, granted;

3. That entry of default against defendant Thompson be, and it hereby is, set aside effective today;

4. That defendant Thompson file his answer to the complaint within ten days, in accordance with the companion order this date entered; and

5. That plaintiff's motion for entry of default judgment be, and it hereby is, denied as moot.

The Clerk is directed to transmit copes of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: February 19, 2019

*[signature]*
John T. Copenhaver, Jr.
Senior United States District Judge