## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| **PAMELA S. THOMPSON-KNUCKLES,** | : | |
| | : | |
| **Plaintiff,** | : | **CASE NO.: 2:18-cv-01410** |
| | : | |
| **v.** | : | **JUDGE: John T. Copenhaver, Jr.** |
| | : | |
| **ERIC D. THOMPSON,** *et al.* | : | **MAGISTRATE JUDGE: Dwane L.** |
| | : | **Tinsley** |
| **Defendants.** | | |

### INTEGRATED PRETRIAL MEMORANDUM AND ORDER

The parties submit their integrated pretrial memorandum and order as follows:

1. ### PRE-TRIAL DISCLOSURES REQUIRED BY FED. R. CIV. P. 26(a)(3) AND ANY OBJECTIONS THERETO

**Plaintiff's Witnesses**

| WITNESS(ES) | TOPIC OF TESTIMONY |
|---|---|
| Defendant, Eric Thompson<br>1090 Berry Hills Drive<br>Charleston, West Virginia 25314 | Defendant's actions with respect to the debts incurred by East Cleveland Cable TV and Communications, LLC ("ECC"). Defendant's transfers of funds from ECC to personal bank accounts for personal use and without equivalent assets being provided to ECC in return. Defendant's animus towards Plaintiff |
| Plaintiff, Pamela Knuckles-Thompson | ECC debts owed to Plaintiff and the amount of those debts that remain outstanding. |
| Jimmy Gruttadaurio, Former employee of ECC<br>17877 Geauga Lake Road<br>Orange Village, Ohio 44023-2209 | Defendant's actions with respect to Defendant's transferring of funds from ECC to Defendant for personal use and without equivalent assets being provided to ECC in return. Verification of text communications with Defendant. Defendant's animus towards Plaintiff. |

| Records Custodian from Stuttle & Stalnaker, C.P.A.'s<br>1411 Virginia Street E #100,<br>Charleston, West Virginia 25301 | Authentication of records related to the Defendant's withdrawal of funds from ECC accounts. Defendant's failure to pay ECC debts. |
| --- | --- |
| Record Custodian from City National Bank<br>120 Kanawha Blvd EW<br>Charleston, West Virginia 2530 | Authentication of Defendant's banking records showing transfers of ECC funds to Defendant's personal account. |

**Defendant's Witnesses**

| Jason O. Thompson | As equal shares owner of ECC, his authorization to defendant to run ECC and compensate himself |
| --- | --- |
| Markus I. Thompson | As equal shares owner of ECC, his authorization to defendant to run ECC and compensate himself |
| Appropriate Records Custodian of the Richland County Probate Court, Columbia, South Carolina<br>P.O. Box 192<br>Columbia, S.C. 29202 | Records of release of claims between parties |
| Saundra Simpson | Testimony regarding actions of the plaintiff which depreciated the value of ECC |

Plaintiff objects to the following witnesses identified by Defendant on the following basis:

Defendant has identified the records custodian from the Probate Court for Richland County South Carolina. Any documents related to probate proceedings in South Carolina are wholly irrelevant to the instant proceedings.

Plaintiff reserves the right to issue further objection as to the other witnesses identified by Defendant. Specifically, Plaintiff must object in the event Defendant attempts to contradict his prior admission that there was no formal authorization of his withdrawals constituting a salary.

**Plaintiff's Exhibits**

All documents used in depositions of Defendant and/or previously submitted to the Court as attachments to filings including:

- Text Messages between Defendant and Jimmy Gruttadaurio.

- Financial and Business Records of ECC.

- Certified Judgment from the Cuyahoga County Court of Common Pleas, Case No. CV-17-884235.

- Records of transactions from a bank account held by Defendant, with his spouse, Deborah Thompson, as an exhibit.

Plaintiff reserves the right to use enlargements of any of the exhibits on this list, as well as summary and demonstrative exhibits that may assist the Court. Plaintiff further reserves the right to use additional documents not listed above for the purposes of impeachment and/or rebuttal, as well as any documents used as deposition exhibits, any documents filed with the Court in this matter, or any documents identified as an exhibit by Defendant.

**Defendant's Exhibits**

| EXHIBIT(S) | OBJECTION |
|---|---|
| Documents from Richland County Probate Court, Columbia, South Carolina. | As will be fully explained in Plaintiff's Motion *in limine* on this subject, these documents are plainly irrelevant to the instant matter. |
| Contract for the sale of East Cleveland Cable. | As will be fully explained in Plaintiff's Motion *in limine* on this subject, this document is plainly irrelevant to the instant matter. Defendant submits that it is relevant as to the duty of plaintiff to mitigate damages |

3

## 2. **CONTESTED ISSUES OF LAW REQUIRING A RULING BEFORE TRIAL**

- The Court may need to formally recognize that Ohio statutory law, found in R.C. § 1336.*et seq.*, will govern the dispute in this matter.

- Throughout the course of this case, Defendant has periodically raised issues related to proceedings that took place in the Probate Court of Richland County, South Carolina in the Matter of the Estate of Allen Dale Thompson, Case No. 2005-ES-40-00871. Any documents, testimony, or argument related to these proceedings, or any other matters related to the disposition of Allen Dale Thompson's assets after his passing are wholly irrelevant to the matters before this Court. As such, it may be necessary that a *in limine* Order be issued to preclude Plaintiff from injecting these irrelevant and prejudicial issues into this trial.

- Defendant has recently evidenced an intent to assert that the sale of ECC absolves Defendant of fraudulently withdrawing funds from ECC accounts. Any documents, testimony, or arguments related to this sale are irrelevant except as it relates to the computation of Plaintiff's damages. As such, it may be necessary that an *in limine* Order be issued to preclude Plaintiff from injecting these irrelevant and prejudicial issued into this trial.

- Whether Defendant may now argue that withdrawals of ECC funds were properly authorized given that Defendant failed to identify any authorization of withdrawals in response to Plaintiff's Interrogatories.

- Whether Defendant may now argue that funds withdrawn from ECC accounts were spent on business expenses given that Defendant admitted that the

4

withdrawn funds were spent on personal expenses in deposition testimony and in failing to timely deny Plaintiff's Request for Admission on this issue.

Defendant submits that the records reflect certain funds in his private account were utilized to pay ECC obligations

## 3. BRIEF STATEMENT OF ELEMENTS WHICH MUST BE PROVED FOR REMAINING CLAIMS.

- Fraudulent Transfers Under Ohio Revised Code § 1336.04(A)(1)

To establish Defendant's liability on this claim, Plaintiff must prove:

1. Defendant transferred assets from East Cleveland Cable T.V. (ECCTV) bank accounts to himself,

2. The transfers were made with the intent to hinder, delay, or defraud Plaintiff and to prevent Plaintiff from recovering amounts due on a judgment that had been obtained against ECCTV prior to the transfers,

3. These transfers of ECCTV assets were made without an exchange of reasonably equivalent value,

4. ECCTV was insolvent or became insolvent quickly after the transfers

The damages sought by Plaintiff on this claim are, at a minimum, the total value of the funds withdrawn from ECCTV accounts by Defendant after the entry of the judgment obtained against ECCTV. Defendant may also be liable for the total amount of the judgment Plaintiff obtained against ECCTV, offset by any other recovery Plaintiff has made on this judgment.

- Punitive Damages

1. Defendant is liable on the underlying claim relating to fraudulent transfers of ECCTV assets,

2. Defendant has shown a spirit of ill will, malice, and/or a conscious disregard for the rights of Plaintiff through his actions and words.

5

The damages sought by Plaintiff on this claim are, at a minimum, the total costs of Plaintiff's legal fees and costs incurred in bringing this action, and any amount necessary to deter Defendant from future wrongful conduct.

- Veil Piercing

To establish Defendant's liability on this claim, Plaintiff must prove:

1. Defendant as an officer, owner, and insider exercised control over ECCTV so completely that ECCTV had not mind or existence of its own,

2. In exercising total control over ECCTV, Defendant committed fraud, illegal, and/or unjust acts.

Because Defendant treated ECCTV as his alter-ego, Defendant should be liable for the debts incurred by ECCTV to Plaintiff.

## 4. BRIEF SUMMARY OF THE MATERIAL FACTS AND THEORIES OF LIABILITY OR DEFENSE

On July 1, 2014 Plaintiff and East Cleveland Cable TV & Communication, LLC("ECC") entered into an Amended and Restated Promissory Note Agreement (the "Restated Note").  On July 1, 2017, ECC defaulted on the Restated Note, which resulted in Plaintiff filing suit in the Court of Common Pleas for Cuyahoga County, Ohio, Case Number CV-17-884235.   On February 21, 2018, Plaintiff obtained judgment against ECC in the amount of $2,108,841.90 with interest at a rate of 10% from July 11, 2017. Despite Plaintiff's efforts, her judgment remains largely unfulfilled.

Defendant, in an effort to prevent Plaintiff from recovering the amounts due to her from the judgment, siphoned more than $187,000 from ECCTV accounts. These funds were withdrawn in an effort to conceal assets to avoid satisfying the judgment owed to Plaintiff. Defendant has admitted the funds were withdrawn. Defendant has admitted the funds were spent

on personal expenses. Despite this, Defendant has been unwilling to repay the amounts wrongfully taken.

## 5.   SINGLE LIST OF CONTESTED ISSUES OF FACT AND CONTESTED ISSUES OF LAW WITH CASE AND STATUTORY CITATIONS

There is no dispute that approximately $187,000 was withdrawn from ECC accounts by Defendant. Thus, the contested issue of fact is whether Defendant was authorized to withdraw those funds.

If the funds were withdrawn fraudulently and without an exchange of reasonably equivalent consideration, i.e., ECC receiving some economic benefit from the taking of the $187,000, then Plaintiff is entitled to hold Defendant liable for the loss of those funds. *See Individual Business Servs. v. Carmack*, 2nd Dist. Montgomery, No. 25286, 2013-Ohio-4819.

As it relates to Plaintiff's claims for punitive damages, Plaintiff's must show by clear and convincing evidence that Defendant acted with malice. *Id*. The factual dispute is whether Defendant's statements that Plaintiff is "a greedy bitch" and the "dumbest person I ever met," and Defendant's statements that "I am out for blood," and "[Plaintiff is] not gonna get a [dime]" are sufficient to show that Defendant's actions demonstrate by clear and convincing evidence "malice" towards Plaintiff.

## 6.   STIPULATIONS

Defendant has admitted that Defendant withdrew fund from ECC accounts. Through requests for admissions, Defendant has stipulated that funds taken from ECC accounts were spent on personal expenses and that there is no formal document authorizing the taking of those funds.

Plaintiff asks that Defendant stipulate to the authenticity of documents previously identified as exhibits in the depositions of Defendant and Defendant's bank records obtained via

subpoena.  Defendant Thompson will stipulate to the authenticity of said documents provided plaintiff stipulates to the authenticity of the documents contained in the Requests for Admissions.

### 7. **SUGGESTIONS FOR AVOIDING UNNECESSARY EVIDENCE**

None at this time.

### 8. **SUGGESTIONS FOR SPECIAL PROCEDURES RELATED TO COMPLES ISSUES, MULTIPLE PARTIES, DIFFICULT LEGAL QUESTIONS, OR UNUSUAL PROOF PROBLEMS.**

None at this time.

### 9. **SPECIAL VOIR DIRE QUESTIONS**

This case will be tried to the Court.

### 10. **REALISTIC ESTIMATE OF THE NUMBER OF TRIAL DAYS REQUIRED**

The parties estimate this case can be tried in two days.

### 11. **COURTROOM TECHNOLOGY REQUESTED FOR USE AT TRIAL AND A CERTIFICATION THAT THE COURT'S TECHNOLOGY STAFF HAS BEEN NOTIFIED**

The parties request that courtroom technology be made available for use at trial. The use of Courtroom technology will not be extensive and the Court's technology staff will be notified and consulted no later than seven days before trial, pursuant to L.R. Civ. P. 16.7(b)(11).

### 12. **ANY OTHER MATTERS RELEVANT FOR PRETRIAL DISCUSSION OR DISPOSITION, INCLUDING THOSE SER FORTH IN FED. R. CIV. P. 16**

At this time, the parties do not anticipate additional matter for pretrial discussion, other than those identified in the parties' respective, combined *in limine* motions.

(signatures on following page)

Respectfully and Jointly submitted,

Respectfully and Jointly submitted,

/s/ Michael T. Clifford
Michael T. Clifford (#750)
723 Kanawha Blvd East, Suite 1200
Charleston, WV 25301
304-720-7660
304-720-7753 fax

/s/ Kenton H. Steele
Kenton Steele (WV Bar# 13518)
Zachary B. Pyers (WV Bar# 12626)
REMINGER CO., L.P.A.
200   Civic   Center   Drive,   Suite   800
Columbus, Ohio 43215
       Phone: (614) 232-2411
       Fax: (614) 232-2410
       Email: zpyers@reminger.com

ENTER this 31st day of January, 2020:

_____
                    JUDGE

**CERTIFICATE OF SERVICE**

The undersigned, counsel of records for Plaintiff does hereby certify that on the 31st day of January, 2020 a true copy of the foregoing was served via US Mail and/or electronic mail on counsel for Defendant, Eric Thompson.

/s/ Kenton H. Steele
Zachary B. Pyers (WV Bar# 12626)
Kenton Steele (WV Bar# 13518)